**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JEFFREY TODD PIERCE,

Plaintiff,

v.

JOYCE A. GILCHRIST,

Defendant-Appellant,

and

CITY OF OKLAHOMA CITY,

Defendant-Appellee.

No. 05-6150
(D.C. No. 02-CV-509-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Joyce Gilchrist appeals a district court order denying for lack of jurisdiction her application for indemnification of attorney fees from the City of Oklahoma City pursuant to Okla. Stat. tit. 51, § 162. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I

In April 2002, plaintiff Jeffrey Pierce, who is not a party to this appeal, filed a complaint against defendants Joyce Gilchrist, the City of Oklahoma City, and Robert H. Macy alleging the deprivation of his constitutional rights. Mr. Pierce's first complaint was dismissed in July for failure to state a claim. In August, he filed his first amended complaint. Ms. Gilchrist then filed a motion to dismiss the first amended complaint, and an application for indemnification of attorney fees from the City pursuant to Okla. Stat. tit. 51, § 162. The City filed a response objecting to Ms. Gilchrist's request for indemnification. In October, the district court denied the motion to dismiss. The district court also denied the application for indemnification, but with leave to re-file when a final judgment was entered. Ms. Gilchrist appealed the district court's denial of her motion to dismiss. This court affirmed the district court's decision on March 2, 2004.

On January 13, 2005, plaintiff and defendants filed a Stipulation of Dismissal Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

On February 11, Ms. Gilchrist filed her second application for indemnification of attorney fees. The City filed its objection to the application. The district court issued an order requesting supplemental briefing on the issue of whether it had jurisdiction to consider the application for indemnification after the stipulation of dismissal had been entered. Briefs were filed by both parties arguing that the district court did have jurisdiction. The district court ultimately concluded that it lacked jurisdiction and denied the application for indemnification. This appeal followed.

The district court provided two alternative grounds for its jurisdictional denial. First, the district court concluded that it lacked subject matter jurisdiction over the indemnification application because the filing of the stipulation of dismissal terminated its jurisdiction over the merits of the case and the indemnification application could not be considered a collateral claim. Second, the district court determined that, even if the indemnification application were a collateral claim that survived the dismissal of the merits, it would decline to exercise supplemental jurisdiction over the purely state law claim.

We review de novo the district court's decision that it lacked subject matter jurisdiction over the indemnification application. *See Plaza Speedway Inc. v.*

*United States*, 311 F.3d 1262, 1266 (10th Cir. 2002). We review for abuse of discretion the district court's decision to decline to exercise supplemental jurisdiction over the indemnification application. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1139 (10th Cir. 2004).

II

On appeal, Ms. Gilchrist challenges both of the district court's jurisdictional grounds for the denial of her application. Because we conclude that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the indemnification application, we will not address the district court's other ground for the denial.

The district court's jurisdiction over this case arose from Mr. Pierce's claims against the defendants under 42 U.S.C. § 1983. Because § 1983 is a federal law, the district court had jurisdiction over the action pursuant to 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." After the stipulated dismissal was entered, those federal claims ceased to exist. Ms. Gilchrist then filed an application for indemnification of attorney fees pursuant to Okla. Stat. tit. 51, § 162. This claim is solely a product of state law; it does not arise out of any federal statutes nor does it relate

to the violation of any federal rights. The district court therefore did not have original jurisdiction over this claim.

The district court, however, had the ability to exercise supplemental jurisdiction over the indemnification application under 28 U.S.C. § 1367(a). That section provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

*Id.* Section 1367(c) provides, however, that:

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, the district court declined to exercise supplemental jurisdiction under § 1367(c)(3) because, after the stipulation of dismissal was entered, it had dismissed all claims over which it had original jurisdiction. Moreover, the indemnification application statute contemplates that there may be situations

-5-

where the "federal trial court cannot hear the action," and it provides an alternative venue in which to file the application. *See* Okla. Stat. tit. 51, § 162(B)(1). The district court was within its discretion to decline to exercise supplemental jurisdiction over the indemnification application after the § 1983 claims were dismissed. *See, e.g., Exum*, 389 F.3d at 1138-39.

      The judgment of the district court is AFFIRMED.

                                                    Entered for the Court

                                                    Bobby R. Baldock
                                                    Circuit Judge